# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KAREN S. COLE,**

                  **Plaintiff,**

v.

                                                  **No: 04-2073-CM-DJW**

**AMERICAN FAMILY MUTUAL**
**INSURANCE COMPANY, et al.,**

                  **Defendant.**

## **MEMORANDUM & ORDER**

Pending before the Court is Plaintiff's Motion for Trial by Jury (doc. 72). Defendant Gary Cole opposes Plaintiff's request for a jury on grounds that (1) Plaintiff did not make a timely request; and (2) Plaintiff has not shown the right to a jury trial under the Fair Credit Reporting Act. For the reasons stated below, Plaintiff's Motion for Trial by Jury will be granted.

## I. BACKGROUND

Plaintiff Cole brings this action under the Fair Credit Reporting Act.[1] Originally filed in the Western District of Missouri on October 14, 2003, the case was transferred by the Western District of Missouri to the District of Kansas on February 24, 2004. Plaintiff did not include a demand for jury trial in the original Complaint

On September 27, 2004, Plaintiff filed a First Amended Complaint (doc. 51). Plaintiff did not include a demand for jury trial in the First Amended Complaint. Discovery is now closed and trial currently

---

[1] 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

is scheduled to begin on September 6, 2005.

## II. LEGAL ANALYSIS

### A. Right to a Jury Trial Under the Fair Credit Reporting Act

Although Congress did not expressly provide for a right to trial by jury in the Fair Credit Reporting Act ("FCRA"), the Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."[2] And, it is well-settled that the Seventh Amendment's jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to (1) "soun[d] basically in tort," and (2) seek legal relief.[3]

#### 1. Does a FCRA Claim Sound Basically in Tort?

The Court finds that FCRA claims sound in tort. Just as common-law tort actions provide redress for interference with protected personal or property interests, FCRA provides relief for invasions of rights protected under federal law.

Congress enacted the Fair Credit Reporting Act in 1970 to require that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . .."[4] The statute imposes

---

[2] U.S. Const., Amend. 7.

[3] *Curtis v. Loether*, 415 U.S. 189, 195-196 (1974).

[4] 15 U.S.C. § 1681(b) (1982).

significant responsibilities on credit reporting agencies. It limits the uses for which a consumer credit report may be released[5] and provides a flow chart for challenging the accuracy of a report.[6] A consumer may, by written notice to the reporting agency, challenge any information contained in his file. If he does so, the agency must reinvestigate the credit report.[7] If the information is then confirmed, the consumer may file a statement of a dispute, and any disputed information will be noted as such in forthcoming reports.[8] The agency must also inform the consumer of any information deleted from his report.[9]

The Act requires each credit reporting agency to maintain "reasonable procedures" and to exert a "reasonable effort" in reporting and verifying consumer information,[10] but it does not authorize a suit simply to require the credit reporting agency to correct an erroneous credit report. Instead, it permits any consumer who is injured by the negligent failure of a reporting agency to comply with any requirement imposed by the FCRA to sue for the actual damages sustained by the consumer as a result of the failure, together with the cost of the action and reasonable attorney's fees.[11] One who willfully fails to comply with any requirement imposed by the Act is liable in addition for punitive damages.[12]

---

[5] *Id*. at § 1681b

[6] *Id*. at § 1681i.

[7] *Id.* at § 1681i(a).

[8] *Id*. at § 1681i(b)-(c).

[9] *Id*. at § 1681i(d).

[10] *Id.* at §§ 1681(b) and 1681e(a).

[11] *Id.* at § 1681o.

[12] *Id.* at § 1681n.

Given the statute explicitly provides relief for invasions of privacy rights protected under federal law, there can be no doubt that FCRA claims sound in tort.

### 2.   Is the Remedy Sought Legal or Equitable in Nature?

The second part of the analysis focuses on whether the remedy Plaintiff seeks is legal or equitable. An award of money damages was the traditional form of relief available in the courts of law.[13] This does not mean that "any award of monetary relief must necessarily be legal relief."[14] When the damages sought are either "analogous to equitable restitutionary relief, or incidental to or intertwined with injunctive relief," two exceptions arise which would preclude the right to a jury trial.[15] Neither of these exceptions, however, applies to Plaintiff's claim for compensatory and punitive damages because Plaintiff here seeks neither injunctive nor declaratory relief.

Section 1681o of the FCRA permits any consumer who is injured by the negligent failure of a reporting agency to comply with any requirement imposed by the FCRA to sue for the actual damages sustained by the consumer as a result of the failure, together with the cost of the action and reasonable attorney's fees.[16] One who willfully fails to comply with any requirement imposed by the Act is liable in addition for punitive damages.[17] Thus, the FCRA clearly creates "legal rights and remedies, enforceable

---

[13] *Curtis v. Loether*, 415 U.S. at 194.

[14] *Id.* at 196.

[15] *Wooddell v. Int'l Brotherhood of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991).

[16] *Id.* at § 1681o.

[17] *Id.* at § 1681n.

for an action for damages in courts of law"[18] and Plaintiff is entitled to have her FCRA claim tried before a jury. The Court's holding in this regard is consistent with the practice of other courts trying FCRA claims before a jury.[19]

### B. Timeliness of Request for a Jury Trial

Defendant correctly notes that Plaintiff's request for a jury trial is untimely under Rule 38(b) of the Federal Rules of Civil Procedure.[20] Under Rule 39(b), however, the court has discretion to order a jury trial on any or all issues, notwithstanding a party's failure to make a timely demand for a jury trial.[21] The Tenth Circuit has found the discretion granted under Rule 39(b) is very broad[22] and that, in the absence of strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) to grant a jury trial.[23]

---

[18]*Curtis*, 415 U.S. at 194.

[19]*See e.g., Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368 (10th Cir. 1987) (without addressing whether plaintiff was actually entitled to jury trial, appeals court noted lower court tried FCRA claim before jury); *see, also*, *Johnson v. MBNA America Bank*, 357 F.3d 426 (4th Cir. 2004) (same); *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001) (same); *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th Cir. 1987) (same).

[20]Fed. R. Civ. P. 38(b) ("Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).")

[21]Fed. R. Civ. P. 39(b) ("Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.").

[22]*AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965).

[23]*Id.* (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

5

Given the presumption in this circuit in favor of a jury trial, and because Defendant has not shown any "strong" or "compelling" reasons for denying a jury trial, the court will exercise its discretion to grant Plaintiff's request for a jury trial. The Court finds that granting a jury trial will not prejudice any of the parties in this case.

Accordingly, it is hereby ordered that Plaintiffs' Motion for a Jury Trial (doc. 72) is granted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of April, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties