## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                                  |     |                    |
|----------------------------------|-----|--------------------|
| **KAREN S. COLE,**               | )   |                    |
|                                  | )   |                    |
| **Plaintiff,**                   | )   |                    |
|                                  | )   | **CIVIL ACTION**   |
| **v.**                           | )   |                    |
|                                  | )   | **No. 04-2073-CM** |
|                                  | )   |                    |
| **GARY COLE,**                   | )   |                    |
|                                  | )   |                    |
| **Defendant.**                   | )   |                    |
|                                  | )   |                    |

### ORDER

Plaintiff Karen Cole brought this suit against defendant Gary Cole and others for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* After a jury trial, the jury found that plaintiff did not sustain damages as a result of defendant's conduct and that defendant did not willfully violate the FCRA. Within fourteen days after the court entered judgment, defendant filed a motion for attorney fees (Doc. 147). Defendant requests fees, in part, pursuant to the FCRA. Defendant also argues that he is entitled to fees under Fed. R. Civ. P. 68 because he made an offer of judgment to plaintiff in 2004 of $5,000, which plaintiff did not accept. Rule 68 provides that if a party made an offer of judgment which was not accepted, but the offeree obtains judgment that is not more favorable than the offer, then "the offeree must pay the costs incurred after the making of the offer."

Although defendant timely-filed his motion, defendant failed to comply with D. Kan. R. 54.2, which requires that he consult with the opposing party and advise the court in writing that the parties were unable to reach an agreement with regard to the fee award. Local Rule 54.2 states, in

part:

> The court will not consider a motion to award statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award.  The statement of consultation shall set forth the date of the consultation, the names of those who participated, and the specific results achieved.

Because defendant seeks statutory attorney fees but failed to comply with this procedural rule, the court denies defendant's motion for attorney fees without prejudice.  Within fourteen days of the date of this order, defendant may refile his motion.  Both parties should reference Local Rule 54.2 and comply with the procedural requirements of that rule.  The court makes no finding on the merits of defendant's motion at this time.

**IT IS THEREFORE ORDERED** that  Defendant Gary Cole's Motion to Assess Attorney Fees Against Plaintiff Karen Cole (Doc. 147) is denied without prejudice.  Defendant may refile his motion within fourteen days of the date of this order.

Dated this 6th day of November 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**