## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KAREN S. COLE,**  )<br> )<br>      **Plaintiff,**  )<br> )<br>v.       )<br> )<br>**GARY COLE,**   )<br> )<br>      **Defendant.**  )<br> ) | CIVIL ACTION<br><br>No. 04-2073-CM |

### MEMORANDUM AND ORDER

Plaintiff Karen Cole brought this suit against defendant Gary Cole and others for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. After a jury trial, the jury found that plaintiff did not sustain damages as a result of defendant's conduct and that defendant did not willfully violate the FCRA. The case is now before the court on Defendant Gary Cole's Motion to Assess Attorney Fees Against Plaintiff Karen Cole (Doc. 153). Defendant seeks recovery of approximately $40,000 in fees and costs. Defendant requests fees, in part, pursuant to the FCRA. Defendant also argues that he is entitled to fees under Fed. R. Civ. P. 68 because he made an offer of judgment to plaintiff in 2004 of $5,000, which plaintiff did not accept.

Defendant is not entitled to his attorney fees under the FCRA because he has not shown that plaintiff filed an "unsuccessful pleading, motion, or other paper" in "bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c); 1681o(b). Contrary to defendant's position, he is not

automatically entitled to fees as a prevailing party.[1] The "automatic" attorney fees provisions of §§ 1681n and 1681o are available only for a consumer who was successful in enforcing liability under the FCRA—not for a defendant who acted contrary to the FCRA but caused no damages. *See id.* §§ 1681n(a)(3); 1681o(a)(2). Defendant may only be entitled to attorney fees for papers filed in bad faith or for purposes of harassment. Moreover, any fees awarded shall only relate to the work expended in responding to those particular papers.

The jury did not award plaintiff any damages. But this finding alone does not indicate that the jury believed that plaintiff filed her claims in bad faith or for purposes of harassment. The jury merely found that (1) plaintiff did not sustain damages as a result of defendant accessing her credit reports and (2) defendant did not *willfully* violate the FCRA. These findings do not reflect any position by the jury on the motivation behind plaintiff's legal action.

Significantly, the court denied all motions to dismiss and motions for summary judgment filed in the case. The court instructed the jury that defendant had, in fact, violated the FCRA. While there was evidence of hostile behavior by both parties presented at trial, the court cannot say that any particular motion in the case was filed in bad faith or for the purpose of harassment. Nor can the court reach that conclusion about the case as a whole. Plaintiff had a legal basis for her suit; she simply was unable to show that she was entitled to damages. She also did not bring the suit against defendant Gary Cole alone. She brought suit against defendants American Family Mutual Insurance Company and Leroy Adler, as well, but reached settlement agreements with those parties. For these reasons, the court concludes that defendant is not entitled to attorney fees under the FCRA.

---

[1] The court makes no finding here on whether defendant was, in fact, a "prevailing party." Resolution of that issue is unnecessary for purposes of this Memorandum and Order.

-3-

Defendant also is not entitled to attorney fees under Rule 68. Rule 68 provides that if a party made an offer of judgment which was not accepted, but the offeree obtains judgment that is not more favorable than the offer, then "the offeree must pay the costs incurred after the making of the offer." By its plain language, Rule 68 only authorizes "costs," and "costs" are not defined by the FCRA to include attorney fees. *See generally* 15 U.S.C. §§ 1681n(c); 1681o(b) (referring only to attorney fees—not costs); *cf. Knight v. Snap-On Tools Corp*, 3 F.3d 1398, 1404–05 (10th Cir. 1993) (denying attorney fees under Rule 68 because costs do not include attorney fees under the Unfair Trade Practices Act). Defendant is, however, entitled to his post-offer costs, or costs incurred after November 19, 2004. Defendant has submitted bills for costs after this date totaling $1,363.05. He is entitled to recover that full amount.

**IT IS THEREFORE ORDERED** that Defendant Gary Cole's Motion to Assess Attorney Fees Against Plaintiff Karen Cole (Doc. 153) is denied in part and granted in part. He may recover $1,363.05 for his costs incurred after he made an offer of judgment.

Dated this 10th day of May 2007, at Kansas City, Kansas.

s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**